# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In Re:**

**Settlement Facility Dow Corning Trust,**

**Jodi Iseman,**

      **Appellant.**

                                      /

Case No. 09-CV-10799
Honorable Denise Page Hood

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND**

On February 17, 2009, Jodi Iseman filed a letter-appeal to this Court seeking review of the Claims Administrator's decision denying her Class 7 claim submitted before the Settlement Facility–Dow Corning Trust ("SF-DCT") pursuant to the Amended Joint Plan of Reorganization ("Plan") in the Dow Corning Corporation ("Dow Corning") bankruptcy action. Ms. Iseman does not indicate in her appeal that she sought review of the Claims Administrator's decision before the Appeals Judge.

On March 20, 2009, Dow Corning filed a Motion to Dismiss the Appeal of Jodi Iseman. No response was filed to the motion on behalf of Ms. Iseman.

Ms. Iseman claims she has a Bristol/Baxter implant with Replicon mammary prosthesis implanted on February 19, 1988. (Doc. No. 1, Appeal exhibits) She claims that she was "part of the Tort Claimant's Committee by 1994" and submitted proof of manufacturer to them in 1996. Ms. Iseman claims that by the time the manufacturer of Replicon was known to her, it was too late for her to register with the Multi-District Litigation 926 ("MDL-926") before the Northern District of Alabama. She claims that in order to have been a current claimant under MDL-926, she would have had to submit the manufacturer information of Replicon in 1996. Ms. Iseman claims that if the

manufacturer did not clarify its products in a timely manner, she could not have met the marshaling requirements before the MDL-926 and under the Dow Corning Plan. Ms. Iseman did not learn the manufacturer of the Replicon prosthesis until 2002. (Doc. No. 1, Appeal exhibits)

The Claims Administrator of the SF-DCT denied Ms. Iseman's claim on August 4, 2008. The letter indicated that according to the MDL-926, Ms. Iseman was a non-current claimant or currently ineligible for benefits because she did not previously register with the MDL-926. Because Ms. Iseman can still submit a disease claim to the MDL-926 and if approved, receive payment from either the Fixed Amount Benefit Schedule or the Long-term Benefit Schedule, the SF-DCT Claims Administrator found that Ms. Iseman did not satisfy the marshaling requirement in SF-DCT Class 7 by the June 1, 2006 deadline and was ineligible for SF-DCT Class 7 benefits. (Doc. No. 1, Appeal exhibit, 8/4/08 letter)

For the reasons set forth below, Ms. Iseman's appeal must be dismissed.

## II. ANALYSIS

Dow Corning argues that appeals to this Court by claimants before the SF-DCT are expressly and unambiguously barred by the Plan. Dow Corning cites cases issued by the Court holding that the Plan language does not permit individual claimants to appeal the decisions of the Claims Administrator or the Appeals Judge to this Court. No response to Dow Corning's motion was filed by Ms. Iseman.

Section 8.7 of the Amended Plan of Reorganization states that this Court retains jurisdiction to resolve controversies and disputes regarding the interpretation and implementation of the Plan and the Plan Documents, including the Settlement Facility and Fund Distribution Agreement ("SFA"), and, to enter orders regarding the Plan and Plan Documents. (Plan, §§ 8.7.3, 8.7.4, 8.7.5)

The Plan provides for the establishment of the SF-DCT, which is governed by the SFA. (Plan, § 1.131) The SF-DCT was established to resolve Settling Personal Injury Claims in accordance with the Plan. (Plan, § 2.01) The SFA and Annex A to the SFA establish the exclusive criteria by which such claims are evaluated, liquidated, allowed and paid. (SFA, § 5.01) Resolution of the claims are set forth under the SFA and corresponding claims resolution procedures in Annex A. (SFA, § 4.01)

The Plan establishes administrative claim review and appeals processes for Settling Personal Injury claimants. Any claimant who does not agree with the decision of the SF-DCT may seek review of the claim through the error correction and appeal process. (SFA, Annex A, Art. 8) A claimant may thereafter obtain review by the Appeals Judge. (SFA, Annex A, Art. 8) The Plan provides that "[t]he decision of the Appeals Judge will be final and binding on the Claimant." (SFA, Annex A, § 8.05) Claimants who seek review under the Individual Review Process also have a right to appeal directly to the Appeals Judge. The Plan provides that "[t]he decision of the Appeals Judge is final and binding on both Reorganized Dow Corning and the claimant." (SFA, Annex A, § 6.02(vi))

Generally, the provisions of a confirmed plan bind the debtor and any creditor. 11 U.S.C. § 1141(a). Section 1127(b) is the sole means for modification of a confirmed plan which provides that the proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of the plan. 11 U.S.C. § 1127(b).

"In interpreting a confirmed plan courts use contract principles, since the plan is effectively a new contract between the debtor and its creditors." *In re Dow Corning Corporation,* 456 F.3d 668, 676 (6th Cir. 2006); 11 U.S.C. § 1141(a). "An agreed order, like a consent decree, is in the nature of a contract, and the interpretation of its terms presents a question of contract interpretation." *City*

3

*of Covington v. Covington Landing, Ltd. P'ship,* 71 F.3d 1221, 1227 (6th Cir. 1995). A court construing an order consistent with the parties' agreement does not exceed its power. *Id.* at 1228.

There is no indication that Ms. Iseman sought review of the Claims Administrator's decision to the Appeals Judge. Even if Ms. Iseman sought such review by the Appeals Judge, the Plan's language is clear and unambiguous that the decision of the Appeals Judge is final and binding on the claimants and the Reorganized Dow Corning. The Plan provides no right to appeal to the Court. Allowing the appeal to go forward and directing the Claims Administrator to pay the claims submitted by Ms. Iseman would be a modification of the Plan language. The Court has no authority to modify this language. Although bankruptcy courts have broad equitable powers that extend to approving plans of reorganization, these equitable powers are limited by the role of the bankruptcy court, which is to "guide the division of a pie that is too small to allow each creditor to get the slice for which he originally contracted." *In re Dow Corning,* 456 F.3d at 677-78 (quoting *In re Chicago,* 791 F.2d 524, 528 (7th Cir.1986)). "A bankruptcy court's exercise of its equitable powers is cabined by the provisions of the Bankruptcy Code." *Id.* at 678 (citing *In re Highland Superstores, Inc.,* 154 F.3d 573, 578-79 (6th Cir.1998)).

The Court recognizes that Ms. Iseman believes that she is entitled to compensation for her implants. However, the Court has no authority to modify the language of the Plan to add language allowing Ms. Iseman to appeal the determination of the SF-DCT Claims Administrator. Ms. Iseman has not shown that the Court has the authority to exercise its equitable powers outside the clear and plain language of the Plan in order to review the SF-DCT Claims Administrator's decision. Ms. Iseman's appeal must be dismissed.

**III.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Dow Corning's Motion to Dismiss the Appeal of Jodi Iseman (**Doc. No. 2, 3/20/2009**) is GRANTED.

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

       /s/ Denise Page Hood
       DENISE PAGE HOOD
       United States District Judge

DATED: March 25, 2010

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 25, 2010, by electronic means and/or first class U.S. mail.

       S/Sakne Srour
       Deputy Clerk